Stephen H. Buckley, OSB #801786
sbuckley@brownsteinrask.com
Brownstein Rask
1200 SW Main Street
Portland, OR 97205
Telephone:    (503) 221-1772
Facsimile:     (503) 221-1074

    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND**, | Case No. |
| Plaintiffs, | COMPLAINT |
| v. | (Withdrawal Liability Obligation under ERISA) |
| **BROSTERHOUS CONSTRUCTION CO.**, | |
| Defendant. | |

Plaintiffs allege as follows:

### NATURE OF ACTION

1. This action is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiffs seek a judgment awarding withdrawal liability, interest, liquidated damages, attorneys' fees, and costs owed by an employer as a result of its complete withdrawal from the Oregon-Washington Carpenters-Employers Pension Trust Fund (the "Pension Trust").

///

///

## THE PARTIES

2. The Pension Trust is an "employee pension benefit plan" and an "employee benefit plan" within the meaning of ERISA §§ 3(2)(A) and 3(3), 29 U.S.C. §§ 1002(2)(A) and (3). More than one employer is obligated to pay pension contributions to the Pension Trust and the Pension Trust is maintained pursuant to one or more collective bargaining agreements. Therefore, the Pension Trust is a "multiemployer plan" within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Trustees of the Pension Trust have discretionary authority to control and manage the Pension Trust and are "fiduciaries" of the Pension Trust as that term is defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). The Trustees of the Pension Trust are the "plan sponsor" of the Pension Trust as that term is defined in ERISA § 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10)(A). Pursuant to ERISA §§ 4221(b) and 4301(a)(1), 29 U.S.C. §§ 1401(b) and 1451(a)(1), plaintiffs are authorized to bring this action to collect withdrawal liability.

3. Defendant Brosterhous Construction Co. ("Defendant") is an Oregon corporation with its principal place of business in Klamath County, Oregon. Defendant has been an "employer" as that term is defined in ERISA § 3(5), 29 U.S.C. § 1002(5) and has been engaged in an "industry or activity affecting commerce" within the meaning of ERISA §§ 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action to recover withdrawal liability, interest, liquidated damages, attorneys' fees, and costs owed by Defendant as a result of

Defendant's complete withdrawal from the Pension Trust pursuant to ERISA §§ 4221(b) and 4301(c), 29 U.S.C. §§ 1401(b) and 1451(c).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and ERISA § 4301(d), 29 U.S.C. § 1451(d) because the Pension Trust is administered at its principal place of business which is in Multnomah County, Oregon.

6. Assignment within this judicial district to the Portland Division is proper under Civil Local Rule 3-2(b) because the Pension Trust is administered at its principal place of business which is in Multnomah County, Oregon.

## CLAIM FOR RELIEF

7. Defendant was signatory to the Carpenter's Compliance Agreement which required it to be bound by a series of collective bargaining agreements between the Pacific Northwest District Council of Carpenters and its successor the Pacific Northwest Regional Council of Carpenters (the "Union") and the Oregon Columbia Chapter of the Associated General Contractors of America, Inc. (the "Master Labor Agreement"). The Carpenter's Compliance Agreement and Master Labor Agreement required Defendant to make pension contributions to the Pension Trust on behalf of its employees who performed work covered by the Master Labor Agreement. Based on the terms of the Carpenter's Compliance Agreement and the Master Labor Agreement, Defendant agreed to be bound by the terms and conditions of the Trust Agreement, as amended, that created the Pension Trust.

8. The Pension Trust determined that, on or about September 30, 2009, the Carpenter's Compliance Agreement between Defendant and the Union and Defendant's obligation to adhere to the Master Labor Agreement terminated and Defendant no longer had a contractual obligation to contribute to the Pension Trust. After September 30, 2009, Defendant

continued to perform work within the jurisdiction of the Carpenter's Compliance Agreement and Master Labor Agreement of the type for which contributions were previously required to the Pension Trust. As a result, Defendant had a "complete withdrawal" from the Pension Trust as that term is defined in ERISA § 4203(b)(2), 29 U.S.C. § 1381(b)(2).

9. The Pension Trust determined that, as a result of Defendant's complete withdrawal from the Pension Trust, it incurred withdrawal liability to the Pension Trust in the amount of $177,087.69 as determined under ERISA § 4201(b), 29 U.S.C. § 1381(b).

10. On or about June 28, 2013, the Pension Trust sent Defendant, by certified mail, return receipt requested, a Notice of Withdrawal Liability and Demand for Payment in accordance with ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1). The Notice of Withdrawal Liability and Demand for Payment informed Defendant that the Pension Trust determined that Defendant had completely withdrawn from the Pension Trust and that, as a result, its withdrawal liability obligation was $177,087.39 with such amount payable in quarterly installments with the first payment of $12,296.43 due by October 1, 2013. The Notice of Withdrawal Liability and Demand for Payment also advised Defendant of its right to request review of any item relating to the determination of its withdrawal liability obligation and its withdrawal liability payments.

11. Defendant did not request review of any item relating to the determination of its withdrawal liability obligation and its withdrawal liability payments within ninety (90) days after receipt of the Notice of Withdrawal Liability and Demand for Payment as required by ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2). The time to request review has expired.

12. Defendant has failed to make any payments toward its withdrawal liability obligation to the Pension Trust.

13. By certified letter, return receipt requested, dated October 2, 2013, the Pension Trust advised Defendant that it had failed to make the first quarterly withdrawal liability installment payment that was due by October 1, 2013. The letter stated that unless Defendant cured the delinquency within sixty (60) days after notice of the letter, the entire amount of the withdrawal liability of $177,087.69 would be due and payable together with interest from October 1, 2013. Defendant failed to cure the delinquency.

14. As a result of Defendant's failure to cure its delinquency, Defendant is in "default" of its withdrawal liability obligation within the meaning of ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), and 29 C.F.R. § 4219.31(b) and, as a result, immediate payment of the withdrawal liability obligation to the Pension Trust is now due and owing.

15. Pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b), Defendant's failure to pay its withdrawal liability obligation to the Pension Trust is treated in the same manner as a delinquent employer contribution under ERISA § 515, 29 U.S.C. § 1145.

16. The Trust Agreement, as amended, that created the Pension Trust provides that in the event an employer fails to pay its pension contributions by the due date, the employer is responsible for interest on the delinquent or late paid contributions at the rate of 1% per month from the date the pension payment became due until paid; liquidated damages at the rate of 1% of the delinquent or late paid pension contributions for each month that the pension contributions are delinquent; and a reasonable attorneys' fee in the event legal action is necessary to collect the pension contributions.

17. The Pension Trust is entitled to recover from Defendant, pursuant to the terms of the Trust Agreement, as amended, that created the Pension Trust, and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) the amount of $177,087.69 which represents the withdrawal liability

obligation; interest on the delinquent quarterly withdrawal liability contributions ($12,296.43) from October 1, 2013 to the date of default (December 2, 2013) at the Pension Plan's assumed rate of return of 7.5% per annum and interest at the rate of 12% per annum on the entire withdrawal liability obligation ($177,087.69) from the date of default (December 3, 2013) until paid; liquidated damages at the rate of 1% of the withdrawal liability obligation ($177,087.69) for each month starting December 2, 2013 that the withdrawal liability obligation is delinquent to a maximum of 20%; a reasonable attorneys' fee; and costs.

18. The Pension Trust is also entitled to recover a reasonable attorneys' fee from Defendant pursuant to ERISA §§ 502(g)(2)(D) and 4301(e), 29 U.S.C. §§ 1132(g)(2)(D) and 1451(e).

## REQUEST FOR RELIEF

WHEREFORE, the Pension Trust requests the following relief:

1. For a judgment requiring Defendant to pay $177,087.69 in withdrawal liability, interest on the delinquent quarterly withdrawal liability payment ($12,296.43) at the rate of 7.5% per annum from October 1, 2013 to December 2, 2013, interest on the amount of $177,087.69 at the rate of 12% per annum from December 3, 2013 until paid; liquidated damages on the amount of $177,087.69 at the rate of 1% for each month starting December 3, 2013 that the withdrawal liability obligation is delinquent to a maximum of 20%; a reasonable attorneys' fee; and costs incurred in this action; and

///

///

///

///

.

    2.      For such further relief as the Court deems proper, just, and equitable.

DATED this 19th day of December, 2013.

                              BROWNSTEIN RASK

                              /s/ Stephen H. Buckley
                              Stephen H. Buckley, OSB #801786
                              Attorney for the Trustees of the Oregon-
                              Washington Carpenters-Employers Pension
                              Trust Fund